**In re Eric T. PAGE, Debtor.**

**Bankruptcy No. 87–40885–7.**

United States Bankruptcy Court,
D. Kansas.

Jan. 5, 1994.

C. David Newbery, Alderson, Alderson, Montgomery & Newbery, Topeka, KS, for debtor.

Jaye Rooney, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, DC, for IRS.

Jan Hamilton, Hamilton, Peterson, Tipton & Keeshan, Topeka, KS.

Joseph I. Wittman, Topeka, KS, Trustee.

## MEMORANDUM OF DECISION

JAMES A. PUSATERI, Chief Judge.

This case is before the Court on the debtor's objection to the claim of the Internal Revenue Service. Initially, the debtor contested the accuracy of both the original amount claimed and the amount now claimed, but the parties have resolved those issues through concessions made in their respective briefs. The remaining issue deals with 11 U.S.C.A. § 346(a) and (i)(2). The debtor is represented by C. David Newbery of Alderson, Alderson, Montgomery & Newbery of Topeka, Kansas. The IRS is represented by Jaye Rooney of the U.S. Department of Justice, Tax Division, Washington, D.C..

## FINDINGS OF FACT

The facts are not in dispute. The debtor was a "responsible party" under Internal Revenue Code (IRC) § 6672, *26 U.S.C.A. § 6672*, with respect to trust fund taxes owed by Telemedia Network Systems, Inc., for three quarters of 1987. The IRS assessed a so-called "100 percent penalty" against him, making him liable for those taxes. Later, the debtor also became liable for unpaid income taxes for 1988. He filed a bankruptcy petition on June 8, 1987, and the case was closed on November 2, 1988. However, the case was reopened on July 28, 1989, to administer late-discovered assets and remains open to this date.

The debtor had had a net operating loss in 1986 and the tax return reporting the loss was due on April 15, 1987. Believing this loss constituted a "tax loss carryback" that he was entitled to use because his bankruptcy estate had not, on August 16, 1990, the debtor filed a claim for a refund on his 1983, 1984, and 1985 taxes based on the loss. The IRS denied the refund because IRC § 6511(d)(2)(A) establishes a statute of limitations for refunds based on net operating loss carrybacks of three years from the date the tax return was due for the year in which the carryback arose.

## DISCUSSION AND CONCLUSIONS

The debtor contends that the IRC limitation period for tax loss carryback refunds is tolled while the taxpayer's chapter 7 bankruptcy case is open and does not begin to run again until the case is closed or dismissed. Relying on 11 U.S.C.A. § 346(i)(2), which provides that (1) when a bankruptcy case is closed or dismissed, the debtor succeeds to any unused tax attribute to which his estate had succeeded, and (2) any time limitations on his use are tolled while the bankruptcy case is pending, the debtor maintains that his refund claim was timely. The IRS, relying on the language of § 346(a), responds that § 346(i) does not apply to it.

Section 346(a) reads:

Except to the extent otherwise provided in this section, subsections (b), (c), (d), (e), (g), (h), (i), and (j) of this section apply notwithstanding any State or local law imposing a tax, but subject to the Internal Revenue Code of 1954 (26 U.S.C.A. § 1 *et seq.*)

Although it is not extremely well-drafted, the statute states plainly enough that the listed subsections, including subsection (i), do not apply to the IRC but only to state and local laws. To the extent any doubt remains, both the legislative history and a leading bankruptcy treatise support this reading, and indicate Congress left Federal tax provisions for later consideration. *See H.R.Rep. No. 595, 95th Cong., 1st Sess. 334 (1977), reprinted in 1978 U.S.C.C.A.N. 5787, 5963, 6290; S.Rep. No. 989, 95th Cong., 2d Sess. 44 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5830; 124 Cong.Rec. H11092, 11109 (daily ed. Sept. 28, 1978) (remarks of Rep. Edwards), reprinted in 1978 U.S.C.C.A.N. 6436, 6443,*

6489; and 124 Cong.Rec. S17408, 17426 (daily ed. Oct. 6, 1978) (remarks of Sen. DeConcini), reprinted in 1978 U.S.C.C.A.N. 6505, 6512, 6558; 2 Collier on Bankruptcy, ¶ 346.01 (15th ed. 1993). That later consideration led to the Bankruptcy Tax Act of 1980 which amended the IRC but left § 346 of the Bankruptcy Code unchanged. See Pub.L. 96–589, 1980 U.S.C.C.A.N. (94 Stat.) 3389. Consequently, subsection (i) of § 346, along with most of the rest of the statute, is still subject to the IRC and does not supersede any of its provisions. The debtor's arguments based on § 346 must fail.

█ The IRS has also argued that the debtor may not rely on § 346(i)(2) since his case is still pending. In a supplemental memorandum, in response to this argument, the debtor suggests the Court should decide the matter as though the debtor had brought the objection to the IRS's claim for and on behalf of the trustee. The Court will decline this request. The trustee has neither objected nor designated the debtor as his representative to bring this objection, and an attempt to do so would raise additional issues which have not been briefed by these parties.

█ Though the trustee has not objected to the IRS's claim and the debtor has not raised this point, the Court notes that part of the government's claim is for postpetition taxes. In a chapter 7 case, such taxes are not the responsibility of the bankruptcy estate. The IRS is entitled to be paid by the estate only for the debtor's prepetition liability unless he agrees that the trustee may pay the IRS money that would otherwise be returned to the debtor.

The foregoing constitutes Findings of Fact and Conclusions of Law under Rule 7052 of the Federal Rules of Bankruptcy Procedure and Rule 52(a) of the Federal Rules of Civil Procedure. A judgment based on this ruling will be entered on a separate document as required by FRBP 9021 and FRCP 58.